UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DARRELL LYNN TIPTON ) | |
| ) | |
| v. ) | NO. 2:08-CV-16 |
| ) | |
| UNICOI COUNTY SHERIFF'S DEP'T, ) | |
| SHERIFF KENT HARRIS, ROBBIE ) | |
| SULLINS, Spokesman, Unicoi County, ) | |
| Tennessee and Erwin, Tennessee, ) | |
| JOHNSON CITY PRESS, ERWIN ) | |
| RECORD NEWSPAPER, Unicoi County, ) | |
| Erwin, Tennessee, *et al.* ) | |

## **MEMORANDUM & ORDER**

Darrell Lynn Tipton, now a prisoner in the Greene County Jail in Springfield, Missouri, has filed *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has offered paperwork to show that he has been denied a certified copy of his prison trust account statement based on an altogether puzzling and wholly incorrect determination by the custodian of Greene County Jail inmate trust accounts, a Corporal Routh, that plaintiff is not proceeding *pro se* in this lawsuit. Though it is expected that correctional officials will cooperate with the dictates of the federal pauper statutes, plaintiff will not be penalized when, through no fault of his own, he cannot submit the statement which was required in the deficiency order [Doc. 2] and, as explained in that order, is mandated by 28 U.S.C. § 1915(a) and (b).

Therefore, plaintiff's application to proceed *in forma pauperis* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement, to the Sheriff of Greene County, Missouri, and to the Commissioner of the Missouri Department of Correction, to ensure compliance with the assessment procedures outlined herein.      T h e Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant

---

[1] Payments should be mailed to:   Clerk's Office, USDC
                                    220 W. Depot Street, Suite 200.
                                    Greeneville, TN 37743.

who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

The complaint alleges that, from June 23, 2005 through October 2005, defendants made defamatory and slanderous statements, labeling plaintiff as a murderer who was wanted in Orlando, Florida and Springfield, Missouri, that these statements were untrue, and that defendants made those statements with full knowledge that they were false.

First and most importantly, to state a viable § 1983 claim, a plaintiff must allege: 1) that he was denied a right, privilege or immunity secured by the constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has failed to show the first element, that is, the deprivation of a right secured by the Constitution and laws of the United States.

The Fourteenth Amendment to the United States Constitution protects against a state actor depriving a person of life, liberty, or property without due process of law. *See e.g., Bailey v. Floyd County Bd. Of Educ.*, 106 F.3d 135, 140-141 (6th Cir. 1999). Plaintiff's allegations do not support a Fourteenth Amendment due process claim. An allegation of defamation, without more, does not state a section 1983 claim because harm or injury to reputation, even if it is inflicted by an officer of the state,

does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Thus, the alleged libelous or slanderous actions of defendants do not infringe any constitutionally protected interest of plaintiff's. *See Cutshall v. Sundquist*, 193 F.3d 466, 478 (6th Cir. 1999).

Secondly, as aptly pointed out by the Magistrate Judge [Doc. 7], any state law claim for slander or libel, to be timely, would have had to be filed respectively within six months and one year of the actions complained of. *See* Tenn. Code Ann. § 28-3-103, § 28-3-104. Obviously, any claim based on state law arising from a slanderous or libelous statement made in 2005 is much too late to be actionable because it is time-barred. To the extent that plaintiff is asserting such a claim, it is **DISMISSED**.

Therefore, a separate order will enter dismissing this action for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**ENTER**:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE